IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY GOODLOE, JR., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-2068-C-BK |
| | § | |
| DALLAS COUNTY COURTS, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

I. BACKGROUND

On September 16, 2022, Michael Anthony Goodloe, Jr, filed a one-page *pro se* complaint against the Dallas County Courts. Doc. 3 at 1. The complaint is difficult to decipher and the allegations clearly irrational. Goodloe never states a cause of action or alleges any coherent, plausible facts from which the Court can discern a cognizable cause of action. By way of example, Goodloe pleads the following:

> Commercial Lein ported against Ernest White and Amber Givens-Davis 1 ½ years ago in the Northern District of Texas. Commercial lien has been ported and has matured in toto, which is 27,000,000.00. This is an administrative filing not a keg court proceeding.
> Administrative Court proceeding are required only which bear no cost at all. Please advice.

    Assumed name form does apply

Doc. 3 at 1 (errors in original).

## II. ANALYSIS

    Goodloe's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).[1] This statute provides inter alia for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

    The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Goodloe has failed to state a cognizable legal claim or anything that can be construed as such. As demonstrated *supra*, his pleadings a fatally deficient—lacking legal and factual bases. *See Denton*, 504 U.S. at 33. Consequently, Goodloe's complaint should be dismissed with prejudice as factually and legally frivolous.

---

[1] Goodloe's motion to proceed *in forma pauperis* is deficient. He answers most questions with either "0" or "n/a." Doc. 4. Thus, it is more efficient to dismiss the complaint under 28 U.S.C. § 1915(e)(2), than to require compliance with the Court's filing requirements.

## III.  LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed herein Goodloe's apparent claims are fatally infirm.  Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims.  Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## IV.  IMPOSITION OF SANCTIONS

The Court takes judicial notice that earlier this year, three of Goodloe's causes of actions were dismissed as frivolous and he was warned that if he continues to file frivolous *pro se* cases in this Court, sanctions and/or a filing bar may be imposed.  *See Goodloe v. Dallas County Courts Principle Agent*, No. 3:22-CV-165-X-BT, 2022 WL 1092931, at *1 (N.D. Tex. Apr. 11, 2022); *Goodloe v. Parkland Medical Jail Staff*, No. 3:22-CV-6-E-BT, 2022 WL 1032501, at *1 (N.D. Tex. Apr. 6, 2022); *Goodloe v. U.S. District Court Northern Div.*, No. 3:22-CV-62-X (BT), 2022 WL 4100830, at *1 (N.D. Tex. Sept. 6, 2022).  Subsequently, however, Goodloe filed three more cases, including this one.

The Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority," *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993), and sanctions may be appropriate when, as here, a *pro se* litigant has a history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); Fed. R. Civ. P. 11(b)(2)&(c)(1) (authorizing sanctions against *pro se* litigants).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court

dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).

Based on Goodloe's filing history and his pattern of filing frivolous actions, he should be barred from filing future actions *in forma pauperis* in this or any other federal Court without first obtaining leave of court.

## V.  CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous. See 28 U.S.C. § 1915(e)(2)(B). Further, Goodloe should be **BARRED** from filing future actions *in forma pauperis* in this or any other federal court, without first obtaining leave of court to do so, and any case filed, removed, or transferred without the applicable filing fee, in which he is plaintiff, should not be reviewed by the Court.

**SO RECOMMENDED** on September 26, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).